1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   GARY E. HAWES,                    )
                                      )
10               Petitioner,          )        3:08-cv-00242-ECR-RAM
                                      )
11   vs.                              )        **ORDER**
                                      )
12   E.K. McDANIEL, *et al.*,         )
                                      )
13               Respondents.         )
    _____/

14

15          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

16   by Gary E. Hawes, a Nevada state prisoner.  This matter comes before the Court on the merits of the

17   petition.

18   **I.  Procedural History**

19          Petitioner was convicted, pursuant to a jury verdict, of one count of sexual assault and one

20   count of battery.  (Exhibits 53 & 55).[1]  On October 9, 2002, petitioner was adjudicated a habitual

21   criminal and sentenced petitioner to serve a prison term of life without the possibility of parole for

22   the sexual assault, and a concurrent jail term of six months for the battery.  (Exhibits 59, 60, 61).

23   Petitioner filed a direct appeal from the judgment of conviction.  (Exhibit 64).  On January 28, 2004,

24   the Nevada Supreme Court affirmed the judgment of the district court and remanded the matter for

25

26          [1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 18-24.

1   the limited purpose of correcting the judgment of conviction.  (Exhibit 94).  On February 11, 2004,

2   the state district court filed an amended judgment of conviction.  (Exhibit 97).  Remittitur issued on

3   February 24, 2004.  (Exhibit 99).

4         On July 22, 2004, petitioner filed a post-conviction habeas petition in state district court.

5   (Exhibit 102).  On August 29, 2005, petitioner filed a supplement to the state habeas petition.

6   (Exhibit 114).  On October 10, 2005, the state district court entered an order granting an evidentiary

7   hearing on the first two claims of his state petition, that he received ineffective assistance of counsel

8   in preparing for trial and on appeal.  (Exhibit 119).  On May 24, 2006, the state district court held an

9   evidentiary hearing.  (Exhibit 127).  On April 4, 2007, the state district court entered findings of fact,

10   conclusions of law, and an order denying the state habeas petition.  (Exhibit 133).

11         Petitioner appealed from the denial of his post-conviction state habeas petition.  (Exhibit

12   134).  On March 5, 2008, the Nevada Supreme Court affirmed the denial of petitioner's state habeas

13   petition.  (Exhibit 147).  Remittitur issued on April 1, 2008.  (Exhibit 149).

14         Petitioner dispatched his federal habeas petition to this Court on April 29, 2008.  (ECF No.

15   6).  Respondents have filed an answer.  (ECF No. 16).  Petitioner filed a motion for the appointment

16   of counsel on April 4, 2011.  (ECF No. 26).

17   **II.  Motion for Appointment of Counsel (ECF No. 26)**

18         Petitioner has filed a motion for the appointment of counsel.  (ECF No. 26).  There is no

19   constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v.*

20   *Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The

21   decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

22   Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.),

23   *cert. denied*, 469 U.S. 838 (1984).  The petition on file in this action is well-written and sufficiently

24   clear in presenting the issues that petitioner wishes to bring.  The issues in this case are not complex.

25   Counsel is not justified in this instance.  The motion for appointment of counsel is denied.

26

1

**III.  Federal Habeas Corpus Standards**

2

      The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

3

provides the legal standard for the Court's consideration of this habeas petition:

4

          An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not be

5

granted with respect to any claim that was adjudicated on the merits in
State court proceedings unless the adjudication of the claim –

6

7

          (1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

8

9

          (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceeding.

10

      The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

11

in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

12

to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

13

decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

14

§ 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

15

Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

16

a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

17

Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

18

U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

19

      A state court decision is an unreasonable application of clearly established Supreme Court

20

precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

21

governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

22

principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

23

529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

24

25

26

3

1    than merely incorrect or erroneous; the state court's application of clearly established federal law

2    must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

3        In determining whether a state court decision is contrary to, or an unreasonable application of

4    federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501

5    U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert.*

6    *denied*, 534 U.S. 944 (2001).  Moreover, "a determination of a factual issue made by a State court

7    shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the

8    presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

9    **IV. Discussion**

10       **A. Ground One**

11       In Ground One of the federal petition, petitioner states:  "See attached opening brief and

12   ground on direct appeal from judgment of conviction." (Petition, ECF No. 6, at p. 3).  In the opening

13   brief, petitioner claims that he should have had a new sentencing hearing because, following his

14   convictions for sexual assault and battery, he was adjudicated a habitual criminal and sentenced to

15   life in prison without the possibility of parole.  Petitioner claims that the sentencing court abused its

16   discretion by failing to dismiss counts brought under the habitual criminal statute.  Petitioner admits

17   that he has the requisite number of convictions, but that his counsel argued that the prior convictions

18   were more than twelve years old and were based on impulsive acts by his client.  Petitioner argues

19   that his sentence should have been restructured to allow him the opportunity for parole.  Petitioner

20   further contends that he is entitled to a new sentencing hearing conducted before a jury, because the

21   procedure in place for habitual criminal adjudication violated *Apprendi v. New Jersey*, 530 U.S. 466

22   (2000).

23       The state district court adjudicated petitioner a habitual criminal and sentenced him to serve a

24   prison term of life without the possibility of parole for sexual assault, and a concurrent jail term of

25   six months for battery.  (Exhibits 59, 60, 61).  The Nevada Supreme Court considered and rejected

26

4

petitioner's claim on direct appeal, finding that the state district court did not abuse its discretion in adjudicating him as a habitual criminal and sentencing him to a term of life without the possibility of parole.  (Exhibit 94).  As discussed *infra*, in this Court's analysis of Ground Three, the Nevada Supreme Court held, on direct appeal, that the sentence imposed on petitioner was within statutory limits and was not grossly disproportionate to the crimes for which petitioner was convicted. (Exhibit 94).  Petitioner's sentencing was not a violation of his Eighth Amendment protections against cruel and unusual punishment.  The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

As discussed *infra*, in this Court's analysis of Ground Five, petitioner's claim that his sentencing violated *Apprendi v. New Jersey* was procedurally defaulted in state court on independent and adequate state grounds.  (Exhibit 147, at p. 14).  Petitioner demonstrated no cause and prejudice to excuse the procedural default, therefore the claim is procedurally barred from review in this Court.

Even if this Court reached the merits of the *Apprendi* claim, petitioner's arguments would fail.  After finding that petitioner's *Apprendi* claim was procedurally barred by NRS 34.810(b)(2), the Nevada Supreme Court, in an alternate holding, went on to reject the claim, as follows:

> Moreover, as a separate and independent ground to deny appellant's claim, this claim lacked merit.  As this Court recently noted in O'Neill v. State, NRS 207.010 comports with [*Apprendi*] because NRS 207.010 does not require the district court to find any facts beyond prior convictions before sentencing a defendant as a habitual criminal. In O'Neill, this court held that the only discretionary aspect of NRS 207.010 relates to the discretion to dismiss a count, which does not serve to increase punishment; thus, the district court could sentence appellant as a habitual criminal without submission of the issue before a jury upon presentation and proof of the requisite number of convictions.  Here, appellant had five prior felony convictions. Therefore, the district court did not err in denying appellant's claim.

(Exhibit 147, at p. 14) (footnotes and citations omitted).

5

1    The Nevada Supreme Court's rejection of this claim was neither contrary to nor an

2    unreasonable application of *Apprendi*.  In *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998),

3    the United States Supreme Court held that a sentencing court may enhance a sentence on the basis of

4    prior convictions even if the fact of those convictions was not found by a jury.  *Apprendi* did not

5    overrule *Almendarez-Torrez*.  The Ninth Circuit has repeatedly held that *Almendarez-Torrez* remains

6    binding law until explicitly overruled by the Supreme Court.  *See United States v. Martinez-*

7    *Rodriguez*, 472 F.3d 1087, 1092-93 (9th Cir. 2007); *United States v. Weiland*, 420 F.3d 1062, 1079

8    n.6 (9th Cir. 2005); *United States v. Reyes-Pacheco*, 248 F.3d 942, 944-45 (9th Cir. 2001); *United*

9    *States v. Pacheco-Zepeda*, 234 F.3d 411, 413-14 (9th Cir. 2000).  There is no clearly established

10   federal law, as determined by the United States Supreme Court, that requires petitioner to have been

11   provided a jury to determine whether he should have been adjudicated a habitual criminal under

12   Nevada's habitual criminal statute.  Petitioner has failed to meet his burden of proving that the

13   Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

14   clearly established federal law, as determined by the United States Supreme Court, or that it was

15   based on an unreasonable determination of the facts in light of the evidence presented in the state

16   court proceeding.  As such, petitioner is not entitled to habeas relief on this claim.

17       **B.  Ground Two**

18       In Ground Two, petitioner presents allegations that his trial and appellate counsel were

19   ineffective in various ways.  Ineffective assistance of counsel claims are governed by the two-part

20   test announced in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court

21   held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that

22   (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed

23   by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v.*

24   *Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish

25   ineffectiveness, the defendant must show that counsel's representation fell below an objective

26

6

standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*

**1.  Ground Two (1)**

Petitioner claims that his trial counsel were ineffective because they failed to interview exculpatory witnesses.  The Nevada Supreme Court considered and rejected petitioner's claim on appeal, as follows:

> First, appellant claimed that his trial counsel was ineffective for failing to conduct interviews with potential exculpatory witnesses.  Appellant failed to demonstrate that trial counsel's performance was deficient.  In his petition, appellant argued that these witnesses would have established that the victim was promiscuous, that the State's witness, Timmy Ahern, had previously made false allegations against appellant's brother and that he and Ahern had fought over these allegations, and that Robert Myers was the third person who was present at Grog's Bar and Grill, the 7-11 store, and the storage shed where the rape occurred.  At the evidentiary hearing, however,

1                appellant failed to produce any witnesses who would attest that they
would have testified consistently with appellant's claims.  Thus,

2                appellant failed to demonstrate that his counsel was ineffective for
failing to investigate these witnesses.  Therefore, the district court did

3                not err in denying this claim.

4 (Exhibit 147, at pp. 2-3) (footnotes and citations omitted).  The Nevada Supreme Court cited to and

5 applied the correct federal standard for ineffective assistance of counsel, *Strickland v. Washington*,

6 466 U.S. 668 (1984).  (Exhibit 147, at p. 2, n.3).  The Nevada Supreme Court denied relief, finding

7 that petitioner failed to demonstrate that his counsel was deficient and failed to demonstrate that he

8 was prejudiced by trial counsel's alleged error.  The factual findings of the state court are presumed

9 correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state

10 court's ruling was contrary to, or involved an unreasonable application of, clearly established federal

11 law, as determined by the United States Supreme Court, or that the ruling was based on an

12 unreasonable determination of the facts in light of the evidence presented in the state court

13 proceeding.  This Court denies habeas relief as to Ground Two (1).

14                **2.  Ground Two (2)**

15                Petitioner claims that his counsel failed to adequately review and investigate his case.  The

16 Nevada Supreme Court considered and rejected petitioner's claim on appeal, as follows:

17                Second, appellant claimed that his trial counsel was ineffective for
failing to adequately investigate and review his case.  Specifically,

18                appellant complained that his counsel failed to take pictures of the
wound appellant allegedly received when he was hit with a crow bar

19                during a skirmish with the victim's boyfriend at the storage shed where
the sexual assault occurred.  Appellant failed to demonstrate that trial

20                counsel's performance was deficient.  Appellant failed to present any
witnesses to verify that the alleged wound on his arm was the result of

21                an injury sustained in a fight with a third party on the evening of April
24, 2001.  Thus, appellant's trial counsel was not ineffective for failing

22                to photograph the wound because there was no proof that the wound
was related to the events at issue in this case.  Therefore, the district

23                court did not err in denying this claim.

24                Third, appellant claimed that his trial counsel was ineffective for
failing to examine and photograph the crime scene in order to find

25                potential exculpatory evidence.  Appellant failed to demonstrate that
his trial counsel's performance was deficient or that he was prejudiced.

26

8

1
2
> Appellant failed to allege what information such an investigation
> would have yielded or how that information would have affected the
> outcome of the trial.  Therefore, the district court did not err in denying
> this claim.

3
4   (Exhibit 147, at pp. 3-4) (footnotes and citations omitted).  The Nevada Supreme Court also rejected

5   petitioner's claim that trial counsel was ineffective for failing to have an independent DNA analysis

6   of the victim's clothing, finding that petitioner did not demonstrate that a DNA analysis would have

7   affected the outcome of the case.  (Exhibit 147, at p. 4).  The Court further rejected petitioner's claim

8   that trial counsel was ineffective for failing to investigate the sizes of clothing found at the scene and

9   compare them to the size of the victim.  (*Id.*).  Finally, the Nevada Supreme Court rejected

10  petitioner's argument that trial counsel was ineffective for failing to investigate why the Sexual

11  Assault Response Team (SART) nurse Annette Titus' initial report indicated that no trauma to the

12  vaginal area occurred, but during trial, photographs were admitted which indicate that tearing of the

13  vaginal area did occur.  (*Id.*, at p. 5).  The Court found that petitioner's counsel extensively

14  questioned Titus about her report on cross examination, and petitioner "failed to demonstrate that

15  further inquiry would have a reasonable probability of altering the outcome at trial."  (*Id.*).

16  The Nevada Supreme Court denied relief as to each of petitioner's claims that his counsel was

17  ineffective for failing to properly investigate the case.  The Court found that petitioner failed to

18  demonstrate that his counsel was deficient and failed to demonstrate that he was prejudiced by trial

19  counsel's alleged errors.  The factual findings of the state court are presumed correct.  28 U.S.C. §

20  2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

21  contrary to, or involved an unreasonable application of, clearly established federal law, as

22  determined by the United States Supreme Court, or that the ruling was based on an unreasonable

23  determination of the facts in light of the evidence presented in the state court proceeding.  This Court

24  denies habeas relief as to Ground Two (2).

24  / / / / / / / / / /
25  / / / / / / / / / /
26

### 3.  Ground Two (3)

Petitioner claims that his counsel failed to use expert witnesses for the purpose of contradicting the prosecution's witnesses.  The Nevada Supreme Court considered and rejected petitioner's claim on appeal, as follows:

> Seventh, appellant claimed that his trial counsel was ineffective for failing to utilize any expert witnesses to contradict testimony given by the prosecution's expert witness, including an expert on DNA. Appellant failed to demonstrate that trial counsel's performance was deficient.  In his petition, and at the evidentiary hearing, appellant failed to indicate what testimony such an expert would have offered if called to testify.  Therefore, the district court did not err in denying this claim.

(Exhibit 147, at pp. 5-6) (footnotes and citations omitted).  The Nevada Supreme Court denied relief, finding that petitioner failed to demonstrate that his counsel was deficient and failed to demonstrate that he was prejudiced by trial counsel's alleged error.  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court denies habeas relief as to Ground Two (3).

### 4.  Ground Two (4)

Petitioner claims that his counsel did not file any pretrial motions to suppress evidence. Petitioner claims that the search warrant for the shed had been improperly signed and was thus invalid.  Petitioner also claims that his counsel failed to file a motion to suppress his statement given to Detective Salter because he claims that he told Salter that he would not sign anything without an attorney being present, yet Salter continued to question him.

The Nevada Supreme Court considered and rejected petitioner's claim on appeal, as follows:

> Tenth, appellant claimed that trial counsel was ineffective for failing to file any pre-trial motions to suppress evidence on appellant's behalf. Specifically, appellant complained that the search warrant was invalid

1   and his counsel should have filed a motion to suppress evidence
garnered from the crime scene because the judicial officer who signed
2   the warrant initially signed it on the incorrect page.  Appellant failed to
demonstrate that trial counsel's performance was deficient or that he
3   was prejudiced.  Contrary to appellant's claims otherwise, appellant's
trial counsel filed a motion to suppress the evidence found at the crime
4   scene on the basis that the search warrant was invalid.  The district
court denied that motion on the ground that appellant lacked standing
5   to bring the motion, because he did not have an ownership interest in
either the shed or the vehicle and because he did not have a legitimate
6   expectation of privacy in the shed or the vehicle.  Therefore, the
district court did not err in denying this claim.

7

8   Eleventh, appellant claimed that his trial counsel was ineffective for
withdrawing a motion to suppress a statement appellant made to
9   Detective Alan Salter, of the Reno Police Department.  Appellant
failed to demonstrate that trial counsel's performance was deficient.
10   Although the district court had granted the motion to suppress as to a
portion of the statement that was exculpatory and beneficial to
11   appellant, appellant's trial counsel testified that he withdrew the
motion so that the exculpatory portion of the statement could be
12   presented to the jury.  Appellant's trial counsel testified that it was not
strategically sound to produce this exculpatory evidence through
13   appellant's own testimony because appellant's credibility was
susceptible to attack through the admission of appellant's prior felony
14   convictions.  Appellant's trial counsel testified that the admission of
the statement allowed him to present appellant's theory of the defense
15   without requiring appellant to testify.  "On appeal, this court will not
second-guess an attorney's tactical decisions where they relate to trial
16   strategy and are within the attorney's discretion."  As the district court
correctly noted, trial counsel reasonably decided to allow admission of
17   appellant's statement in order to present appellant's version of events.
Therefore, the district court did not err in denying this claim.

18

19   (Exhibit 147, at pp. 6-8) (footnotes and citations omitted).  The Nevada Supreme Court denied relief,

20   finding that petitioner failed to demonstrate that his counsel was deficient and failed to demonstrate

21   that he was prejudiced by trial counsel's alleged errors.  The factual findings of the state court are

22   presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

23   the state court's ruling was contrary to, or involved an unreasonable application of, clearly

24   established federal law, as determined by the United States Supreme Court, or that the ruling was

25   based on an unreasonable determination of the facts in light of the evidence presented in the state

26   court proceeding.  This Court denies habeas relief as to Ground Two (4).

11

## 5. Ground Two (5)

Petitioner alleges that his counsel was ineffective for failing to request a psychological evaluation of the victim. Following an evidentiary hearing on the claims raised in the state habeas petition, the state district court found that petitioner presented no evidence or witnesses, other than his own testimony, to prove his claims. The state district court denied the claim that counsel should have requested a psychological evaluation of the victim before or during trial. (Exhibit 133, at p. 2). The Nevada Supreme Court considered and rejected petitioner's claim on appeal, as follows:

> Twelfth, appellant claimed that his trial counsel was ineffective for failing to request a psychological evaluation of the victim based on the fact that she was an alcoholic, who had admitted to having blackouts, who could not remember the actual assault, and had made inconsistent statements regarding the assault. Appellant further claimed that the victim gave inconsistent statements about the sexual assault, which indicates psychological instability and that it was constitutional error not to request an independent psychological evaluation of the victim. Appellant failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that a request for a psychological evaluation would have been successful. Appellant also failed to state what evidence would have been produced by the psychological evaluations that would have changed the outcome of the trial. Therefore, the district court did not err in denying this claim.

(Exhibit 147, at p. 8) (footnotes and citations omitted). The Nevada Supreme Court denied relief, finding that petitioner failed to demonstrate that his counsel was deficient and failed to demonstrate that he was prejudiced by trial counsel's alleged error. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground Two (5).

/ / / / / / / / / /

/ / / / / / / / /

1

### 6.  Ground Two (6)

2       Petitioner claims that his counsel, Robert Bell, failed to arrange for him to undergo a

3   polygraph examination.  Following the post-conviction evidentiary hearing, the state district court

4   held that: "Counsel reasonably did not seek a polygraph test for petitioner since such tests are not

5   admissible; and petitioner failed to show any prejudice from the absence of such a test."  (Exhibit

6   133, at p. 3).  The Nevada Supreme Court considered and rejected petitioner's claim, as follows:

> Eighth, appellant claimed that his trial counsel was ineffective for
> failing to have a polygraph test performed on appellant to demonstrate
> his innocence.  Appellant failed to demonstrate that his trial counsel's
> performance was deficient.  The results of the polygraph examination
> are not admissible unless both parties have signed a written stipulation
> to that effect.  Appellant did not demonstrate that the results of a
> polygraph examination would have been both favorable and admissible
> such that his counsel acted objectively unreasonable in failing to
> arrange for one.  Thus, the district court did not err in denying the
> claim.

(Exhibit 147, at p. 6) (footnotes and citations omitted).  The Nevada Supreme Court denied relief,

finding that petitioner failed to demonstrate that his counsel was deficient and failed to demonstrate

that he was prejudiced by trial counsel's alleged error.  The factual findings of the state court are

presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that

the state court's ruling was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the United States Supreme Court, or that the ruling was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding.  This Court denies habeas relief as to Ground Two (6).

### 7.  Ground Two (7)

       Petitioner claims that his counsel, Robert Bell, began his opening arguments with a statement

that implied that petitioner committed a rape.  The state district court denied the claim, finding that:

"Counsel did not concede petitioner's guilt in [the] opening statement.  Counsel was merely trying to

explain to the jury that the State had unreasonably charged a consensual sexual encounter as a sexual

13

assault." (Exhibit 133, at p. 3).  On appeal from the denial of the state habeas petition, the Nevada

Supreme Court considered and rejected petitioner's claim, as follows:

> Fourteenth, appellant claimed his trial counsel was ineffective for
> beginning his opening statement with the following statement:
> "Evidence will show that it goes all of a sudden from a nice, fun, time
> kissing, hugging, to choking, to rape, due to [the victim's] alcoholic
> condition."  Appellant argued that this statement implied that he
> actually committed the rape.  Appellant failed to demonstrate that he
> was prejudiced.  When the statement is read in context with the
> entirety of trial counsel's opening statement, it is clear that trial
> counsel was attempting to imply that the victim had engaged in a
> consensual sexual encounter and then the victim alleged a sexual
> assault.  Importantly, the jury was admonished that none of the
> statements made by counsel in opening statements should be
> considered as evidence in the case.  Moreover, the defense appellant
> presented at trial made it plain that appellant did not concede his guilt;
> rather, appellant contended throughout the trial that he had engaged in
> consensual sexual relations with the victim.  Therefore, the district
> court did not err in denying this claim.

(Exhibit 147, at pp. 9-10) (footnotes and citations omitted, quotation in original).  The factual

findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1).  Petitioner has failed to

meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the United States Supreme Court, or

that the ruling was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding.  This Court denies habeas relief as to Ground Two (7).

**8.  Ground Two (8)**

Petitioner claims that after Rebecca Morgan testified, the prosecutor related that there was a

stipulation regarding her statement.  Petitioner claims that he did not enter into a stipulation and that

he told his counsel, Robert Bell, that Morgan never made such statements and that the statements

were false.  The state district court denied this claim, finding that, at the evidentiary hearing,

"petitioner presented no evidence or witnesses, other than this own testimony, to prove his claims."

(Exhibit 133, at p. 2).  The Nevada Supreme Court considered and rejected petitioner's claim, as

follows:

1
2
3
4
5
6
7

> Fifteenth, appellant claimed that his trial counsel was ineffective for entering into a stipulation, which involved the admission of a statement made by appellant's ex-girlfriend, without appellant's permission. Appellant claimed that when the stipulation was read in court, he told his trial counsel that his ex-girlfriend had never made the statements that were being admitted into evidence. Appellant claimed that he argued with his trial counsel about the admission of this "hearsay testimony." Appellant failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced. At the evidentiary hearing, appellant failed to present any witnesses to verify that the statements in the stipulation were incorrect. Thus, appellant failed to demonstrate that the reading of the stipulation altered the outcome of his trial. Therefore, the district court did not err in denying this claim.

8
9
10
11
12
13
14

(Exhibit 147, at p. 10) (footnotes and citations omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground Two (8).

### 9. Ground Two (9)

15
16
17
18

Petitioner claims that his counsel failed to object to Timothy Ahern's testimony that he met petitioner when petitioner was released from prison. The Nevada Supreme Court considered and rejected petitioner's claim, as follows:

19
20
21
22
23
24
25
26

> Sixteenth, appellant claimed that trial counsel was ineffective for failing to object to Timmy Ahern's testimony that he had met appellant when appellant was released from prison in 1992 or 1993, even though this statement revealed that appellant had prior convictions. Appellant failed to demonstrate that he was prejudiced. After Timmy Ahern testified at trial, the jury asked if they could be told what crime appellant had previously committed. The district court indicated that it thought that either a mistrial or an admonishment was appropriate and thoroughly canvassed appellant to determine if he wished to move for a mistrial. Appellant's trial counsel indicated that he would prefer an admonishment and a limiting instruction. The district court then asked appellant whether he agreed to this approach, and appellant asked the district court to put the matter into layman's terms. The court explained that a mistrial would result in a new trial. The district court further explained that it could not express any opinion on the weight of

1
2
3
4
5
6

> the evidence or the credibility of the witnesses.  The district court then gave appellant time to discuss the matter with his trial counsel and after this discussion appellant stated that he did not want a mistrial.  As a result, the district court continued with the trial, but admonished the jury that it should disregard any reference to appellant's prior prison sentence.  Thus, the district court took appropriate steps to cure any prejudice to appellant on this matter.  Appellant was fully informed regarding the nature of the motion for a mistrial and offered a knowing, intelligent, and voluntary waiver.  Therefore, the district court did not err in denying this claim.

7
8
9
10
11
12

(Exhibit 147, at pp. 10-11) (footnotes and citations omitted).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court denies habeas relief as to Ground Two (9).

13

**10.  Ground Two (10)**

14
15
16
17
18

Petitioner claims that his counsel, Robert Bell, failed to present a defense for him, and that the only defense was cross-examination of the State's witnesses.  The state district court denied this claim following the evidentiary hearing, finding that "petitioner presented no evidence or witnesses, other than this own testimony, to prove his claims."  (Exhibit 133, at p. 2).  The Nevada Supreme Court considered and rejected petitioner's claim, as follows:

19
20
21
22
23

> Seventeenth, appellant claimed that trial counsel was ineffective for failing to present Rebecca Morgan, Sharon Brown, Hugh Ahern, Sandra Hranko, Robert Myers, and Kenneth Theall as witnesses.  Appellant failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced.  At the evidentiary hearing appellant failed to present any evidence or witnesses to demonstrate that these witnesses would have testified at trial consistently with his claims.  Thus, appellant failed to show that the presentation of these witnesses would have changed the outcome of the trial.  Therefore, the district court did not err in denying the claim.

24
25
26

(Exhibit 147, at pp. 11-12) (footnotes and citations omitted).  The factual findings of the state court

16

1    are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving

2    that the state court's ruling was contrary to, or involved an unreasonable application of, clearly

3    established federal law, as determined by the United States Supreme Court, or that the ruling was

4    based on an unreasonable determination of the facts in light of the evidence presented in the state

5    court proceeding.  This Court denies habeas relief as to Ground Two (10).

6                           **11.  Ground Two (11)**

7              Petitioner claims that his appellate counsel was ineffective for failing to challenge the

8    sufficiency of the evidence, and for failing to challenge prosecutorial misconduct, specifically,

9    inducing Ahern to testify that he met petitioner when he was released from prison.

10             The *Strickland* standard applies to challenges of effective appellate counsel.  *Smith v.*

11   *Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel has no constitutional duty to raise every non-

12   frivolous issue requested by the client.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

13             The Nevada Supreme Court considered and rejected petitioner's claim, as follows:

14                    First, appellant claimed that his trial counsel was ineffective for failing
                to raise the issue of sufficiency of the evidence on appeal.  Appellant
15              failed to demonstrate that this issue had a reasonable probability of
                success on appeal.  Our review of the record reveals sufficient
16              evidence from which a rational jury could find appellant guilty of
                sexual assault beyond a reasonable doubt.  The victim testified that
17              appellant sexually assaulted her in a storage shed.  The victim reported
                the sexual assault immediately after the incident occurred.  Moreover,
18              the victim was found by the police a very short distance from the
                storage shed where the sexual assault occurred.  Timmy Ahern testified
19              that he heard a female voice crying for help inside the shed and that
                appellant had reassured him that everything was okay.  The SART
20              nurse, Titus, testified that the victim's injuries were consistent with
                sexual assault and that there was seminal fluid found in the victim's
21              vagina.  Thus, the evidence adduced at trial indicates that a challenge
                to the sufficiency of the evidence would not have had a reasonably
22              probability of success on appeal.  Therefore, the district court did not
                err in denying appellant's claim.
23
                      Second, appellant claimed that his appellate counsel was ineffective
24              for failing to raise a claim of prosecutorial misconduct because the
                prosecutor purposefully elicited testimony regarding appellant's prior
25              conviction.  Appellant failed to demonstrate that his appellate counsel
                was deficient or that he was prejudiced.  Notably, after Ahern
26

                                            17

1
2
3
4
5

referenced appellant's prior prison sentence at trial, the district court canvassed the prosecuting attorney to determine if she had purposefully elicited evidence of appellant's prior incarceration.  The prosecutor indicated that she had previously warned Ahern not to testify about appellant's prior prison sentence.  At the evidentiary hearing, appellant failed to present any evidence supporting his claim that the prosecutor purposefully elicited this testimony.  Thus, appellant failed to demonstrate that this issue would have had a reasonable probability of success on appeal.  Therefore, the district court did not err in denying appellant's claim.

6

7   (Exhibit 147, at pp. 12-14) (footnotes and citations omitted).  The Nevada Supreme Court cited to

8   and applied the correct federal standard for ineffective assistance of appellate counsel, *Strickland v.*

9   *Washington*, 466 U.S. 668 (1984) and *Jones v. Barnes*, 462 U.S. 745, 751 (1983).  (Exhibit 147, at p.

10  12).  The Nevada Supreme Court denied relief, finding that petitioner failed to demonstrate that his

11  counsel was deficient and failed to demonstrate that he was prejudiced by appellate counsel's alleged

12  errors.  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

13  Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

14  involved an unreasonable application of, clearly established federal law, as determined by the United

15  States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

16  light of the evidence presented in the state court proceeding.  This Court denies habeas relief as to

17  Ground Two (11).

18          **C.  Ground Three**

19          Petitioner alleges that he was subjected to cruel and unusual punishment because he was

20  sentenced to life without the possibility of parole.  The state district court dismissed petitioner's

21  claim that his sentence constitutes cruel and unusual punishment.  The state district court ruled that

22  petitioner's sentencing argument was conclusory and without any specific factual support.  (Exhibit

23  119; Exhibit 133, at pp. 1-2).  With lengthy analysis in the order filed January 28, 2004, the Nevada

24  Supreme Court considered and rejected petitioner's claim on direct appeal.  (Exhibit 94).  The

25  Nevada Supreme Court held:

26

18

1

2

3

4

5

In the instant case, Hawes does not allege that the district court relied on impalpable or highly suspect evidence or that the relevant statutes are unconstitutional, and he cannot demonstrate that the sentence was so unreasonably disproportionate to the crime as to shock the conscience. We note that the sentence imposed was within the parameters provided by the relevant statutes. Further, Hawes cannot demonstrate that the district court failed to understand its sentencing authority and exercise discretion in deciding to adjudicate him as a habitual criminal.

6

7

8

9

10

11

12

The district court conducted a hearing and considered: (1) the arguments of defense counsel and the State; (2) witnesses testifying in support of Hawes; (3) Hawes' remorseless statement in allocution; (4) the presentence investigation report (PSI) prepared by the Division of Parole and Probation detailing Hawes' extensive violent and criminal history; (5) and the facts of the instant offense. The district court expressly stated on the record that "the defendant, Gary Eugene Hawes, is an habitual criminal and such [a] declaration would best serve the purpose of discouraging this defendant from further committing and repeating offending acts of criminal conduct." The district court also filed an order with particularized findings of fact and conclusions of law, thereby adjudicating Hawes as a habitual criminal.

13

14

15

16

Finally, we note that in addition to Hawes' 6 previous felony convictions, the PSI listed 5 misdemeanor convictions, 2 arrests without a recorded disposition, and several revoked terms of parole and probation spanning approximately 20 years across 3 different states. Accordingly, we conclude that the district court did not abuse its discretion at sentencing, and the sentence imposed was not disproportionate to the crime and does not constitute cruel and unusual punishment under either the federal or state constitution.

17

18

19

20

21

22

23

24

25

26

(Exhibit 94, at pp. 3-5) (footnotes and citations omitted). In considering this claim on direct appeal, the Nevada Supreme Court noted that the Eighth Amendment does not require strict proportionality between the crime and sentence, but forbids only an extreme sentence that is "grossly disproportionate" to the crime. *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991). (Exhibit 94, at pp. 2-3).

In *Harmelin*, the United States Supreme Court determined that the imposition of a mandatory life sentence without the possibility of parole did not violate the Eighth Amendment. The Court announced that "[t]he Eighth Amendment contains no proportionality guarantee." *Harmelin*, 501 U.S. at 965. While an earlier United States Supreme Court case, *Solem v. Helm*, 463 U.S. 277

19

1   (1983), suggests that courts should invoke a proportionality test, and should compare a defendant's

2   sentence to others within the jurisdiction for similar crimes, *Harmelin* makes clear that such

3   comparative analysis need not be performed unless the sentence imposed "gives rise to an inference

4   of gross disproportionality." *Harmelin*, 501 U.S. at 1005.  Other United States Supreme Court cases

5   dictate upholding defendants' sentence, even where the sentence seems harsh in light of the offense

6   committed.  *Rummel v. Estelle*, 445 U.S. 263 (1980) (life sentence upheld where defendant was

7   repeated offender and committed third felony of stealing $120); *Hutto v. Davis*, 454 U.S. 370 (1982)

8   (40-year prison sentence upheld where defendant was convicted of possession with intent to sell nine

9   ounces of marijuana); *Ewing v. California*, 538 U.S. 11 (2003) (upholding 25-year sentence of

10   habitual criminal defendant for stealing three golf clubs, holding that the states may dictate how they

11   wish to deal with recidivism issues).

12          The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

13   Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

14   involved an unreasonable application of, clearly established federal law, as determined by the United

15   States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

16   light of the evidence presented in the state court proceeding.  The Nevada Supreme Court made a

17   reasonable application of federal law.  (Exhibit 94, at pp. 2-5).  The sentence imposed was within

18   statutory limits and is not grossly disproportionate to the crimes for which petitioner was convicted.

19   Petitioner's sentencing was not a violation of his Eighth Amendment protections against cruel and

20   unusual punishment.  Ground Three of the petition is denied.

21          **D.  Ground Four**

22          Petitioner refers to a supplemental state post-conviction petition.  The claim is: "Petitioner

23   respectfully submits that his trial counsel was ineffective in that he should have moved for a mistrial

24   owing to the mention by the prosecution witness that Mr. Hawes had been in prison and jail."

25   (Exhibit 114, at p. 1).  The state district court dismissed petitioner's claim that his counsel was

26

ineffective for failing to move for a mistrial.  The court determined that petitioner had specifically

decided not to move for mistrial because during trial, the court specifically canvassed petitioner as to

whether he wanted to move for a mistrial when a witness testified that petition had been in prison,

and petitioner told the court that he did not want a mistrial.  (Exhibit 119).  The Nevada Supreme

Court considered and rejected petitioner's claim, as discussed earlier in this order.  (Exhibit 147, at

pp. 10-11).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or

involved an unreasonable application of, clearly established federal law, as determined by the United

States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding.  This Court denies habeas relief as to

Ground Four.

### E.  Ground Five

Petitioner refers to a supplemental state post-conviction petition, which includes this claim:

"The manner in which petitioner was adjudicated a habitual criminal violated his constitutional

rights under United States Supreme Court precedent.  The petitioner was denied his constitutional

right to have his enhanced sentence determined by a jury of his peers, not a sentencing court."

Petitioner contends that he is entitled to a new sentencing hearing conducted before a jury, because

the procedure in place for habitual criminal adjudication violated *Apprendi v. New Jersey*, 530 U.S.

466 (2000).  This claim was procedurally defaulted during review at the Nevada Supreme Court.

### 1.  Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the

state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

A federal court will not review a claim for habeas corpus relief if the decision of the state court

regarding that claim rested on a state law ground that is independent of the federal question and

adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).  Federal review will be barred as long as the state court relied on the procedural bar as a separate basis for its decision, even if the state court also discussed the merits of the claim in an alternative holding.  *See Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000).

### 2.  Ground Five was Procedural Defaulted in State Court on Independent and Adequate State Grounds

In Ground Five, petitioner claims: "The manner in which petitioner was adjudicated a habitual criminal violated his constitutional rights under United States Supreme Court precedent.  The petitioner was denied his constitutional right to have his enhanced sentence determined by a jury of his peers, not a sentencing court."  Petitioner raised this same claim in a supplement to his state habeas petition.  On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court found this claim procedurally defaulted.  The Nevada Supreme Court cited NRS 34.810(1)(b)(2), holding that: "Appellant's claim is outside the scope of claims permissible in a petition for a writ of habeas corpus."  (Exhibit 147, at p. 14).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

/ / / / / / / / / /

/ / / / / / / / / /

22

### 3.  Cause and Prejudice

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In the instant case, petitioner has not addressed the issue of procedural default and has not asserted any reason for his failure to properly raise this claim on direct appeal.  Neither the petition itself, nor petitioner's other filings address the procedural default of Ground Five or assert any argument of cause and prejudice to excuse the procedural default.  This Court finds that Ground Five of the petition was procedurally defaulted in state court.

/ / / / / / / / / /

/ / / / / / / / / /

23

1          **4. *Apprendi* Claim Fails on the Merits**

2          Even if this Court reached the *Apprendi* claim on the merits, the claim would fail, as

3   discussed *supra*, in this Court's analysis of Ground One.  There is no clearly established federal law,

4   as determined by the United States Supreme Court, that requires petitioner to have been provided a

5   jury to determine whether he should have been adjudicated a habitual criminal under Nevada's

6   habitual criminal statute.  Petitioner has failed to meet his burden of proving that the Nevada

7   Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly

8   established federal law, as determined by the United States Supreme Court, or that it was based on an

9   unreasonable determination of the facts in light of the evidence presented in the state court

10  proceeding.  As such, petitioner is not entitled to habeas relief on this claim.

11  **V.  Certificate of Appealability**

12         In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28

13  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

14  (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

15  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

16  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

17  (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

18  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In

19  order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

20  debatable among jurists of reason; that a court could resolve the issues differently; or that the

21  questions are adequate to deserve encouragement to proceed further. *Id.*  This Court has considered

22  the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a

23  certificate of appealability, and determines that none meet that standard.  The Court will therefore

24  deny petitioner a certificate of appealability.

25  / / / / / / / / / /

26
                                                    24

**VI.  Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 26) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for a status check (ECF No. 25) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus (ECF No. 6) is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 7th day of July, 2011.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

25